IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EVELYN NIEVES DIAZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-5075 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

## ORDER

AND NOW, this 3rd day of March, 2020, upon consideration of Plaintiff Evelyn Nieves Diaz's Brief and Statement of Issues in Support of Request for Review, the Commissioner of Social Security's response thereto, and Diaz's reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, the Commissioner's objection, and Diaz's response to the Commissioner's objection, it is ORDERED:

- The Commissioner's objection to the Report and Recommendation (Document 26) is OVERRULED;[2]

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

[2] Plaintiff Evelyn Nieves Diaz seeks review of an Administrative Law Judge's (ALJ) decision to deny her social security benefits. Diaz argues the ALJ lacked authority to decide her case because he was unconstitutionally appointed. *See generally Lucia v. SEC*, 138 S. Ct. 2044 (2018). The Commissioner concedes this point. Nevertheless, the Commissioner argues Diaz is not entitled to relief because she failed to exhaust her Appointments Clause claim.

According to a recent precedential Third Circuit decision, a plaintiff is not required to exhaust an Appointments Clause claim before the Social Security Administration. *See Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020). With this authority, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (R&R) recommending Diaz's request for review be granted and her case be remanded to the Commissioner for further proceedings before a different, and constitutionally appointed, ALJ. *See* R. & R. at 3–4, Jan. 29, 2020, ECF No. 22. The Commissioner objects to the R&R because, despite *Cirko* being binding precedent on this Court, it is his position that Diaz must exhaust her Appointments Clause claim.

- The Report and Recommendation (Document 22) is APPROVED and ADOPTED;

- Diaz's Request for Review (Document 15) is GRANTED;

- Judgment is entered in Diaz's favor by separate order; and

- This case is REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings before a different, and constitutionally appointed, Administrative Law Judge consistent with the Report and Recommendation.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

The Commissioner's objection is overruled because *Cirko* is binding authority on this Court (as the Commissioner concedes). Diaz was not required to exhaust her Appointments Clause claim. She is thus entitled to relief because the ALJ who decided her case was not constitutionally appointed. Accordingly, the Court grants Diaz's request for review and remands this case. On remand, the Commissioner shall grant Diaz a new hearing before a constitutionally appointed ALJ other than the one who presided over her first hearing. *See Cirko*, 948 F.3d at 159–60.