IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN NIEVES DIAZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-5075 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                      **June 12, 2020**

      In this social security appeal, the Court granted Plaintiff Evelyn Nieves Diaz's request for review and remanded the case to the Social Security Commission for a new hearing because the Administrative Law Judge (ALJ) who decided her case was unconstitutionally appointed. The Commissioner conceded this point but nonetheless argued Diaz was not entitled to relief because she failed to exhaust her Appointments Clause claim during the administrative proceedings. Diaz, as the prevailing party, now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA) and argues the Commissioner's position on exhaustion was not substantially justified. *See* 28 U.S.C. § 2412. Because the Commissioner was substantially justified in arguing Diaz failed to exhaust her Appointments Clause claim, the Court will deny Diaz's motion.

**BACKGROUND**

      After an ALJ found Diaz was not disabled, and the Appeals Council denied her request for review, Diaz filed this case seeking review of the ALJ's decision. In her request for review, Diaz argued the ALJ was not constitutionally appointed and thus lacked the authority to decide her case

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018) (holding ALJs are inferior officers who must be appointed pursuant to the Appointments Clause). The Commissioner conceded that the ALJ who presided over Diaz's case was not constitutionally appointed. The Commissioner nonetheless argued against remand because Diaz failed to exhaust her Appointments Clause claim during the administrative proceedings.

On January 23, 2020, while this case was still pending, the Third Circuit held "claimants for Social Security disability benefits [are not required to] exhaust Appointments Clause challenges before the very [ALJs] whose appointments they are challenging." *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152–53 (3d Cir. 2020). Pursuant to the holding in *Cirko*, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (R&R) and recommended this Court grant Diaz's request for review and remand her case. The Court adopted the R&R and remanded the case for a new hearing before a different, and constitutionally appointed ALJ. *See* Order, Mar. 3, 2020, ECF No. 29 (remanding case pursuant to sentence four of 42 U.S.C. § 405(g)).

Diaz filed the instant motion for attorney's fees as the prevailing party under the EAJA. Diaz argues the Commissioner's position on exhaustion was not substantially justified because he made unreasonable claims of support in the case law. The Commissioner opposes the motion arguing his exhaustion defense was substantially justified because there were numerous district court decisions supporting his position.

**DISCUSSION**

The Court will deny Diaz's motion for attorney's fees because the Commissioner's position on exhaustion was substantially justified. Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in

2

securing the vindication of a party's rights in the courts." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotations omitted). A prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

Here, Diaz is the prevailing party. *See Shalala v. Schaerfer*, 509 U.S. 292, 301 (1993) (holding that the party is the prevailing party if the Court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). She is thus entitled to attorney's fees unless the Commissioner's position was substantially justified. The Court concludes it was.

The Supreme Court defined "substantially justified" as "justified in substance or in the main" which is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden of proving substantial justification is on the Commissioner. *See Dougherty*, 711 F.2d at 561. To meet its burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *See Citizens Council of Del. Cty. v. Brinegar*, 741 F.2d 584, 593 (3d Cir.1984).

As for the facts alleged, it is undisputed Diaz did not raise the Appointments Clause claim during the administrative proceedings. The Commissioner thus had a factual basis for asserting the exhaustion defense.

Turning to the second element, the Court concludes the Commissioner had a reasonable basis in law for advancing the exhaustion defense. At the time the Commissioner filed his response to Diaz's request for review, there was no precedential authority on the issue of whether Appointments Clause claims were subject to exhaustion requirements. In *Lucia*, the Supreme Court held that a new hearing should be granted if one makes a "timely challenge" to the

constitutionality of the appointment of an ALJ. *See* 138 S. Ct. at 2055. But the Supreme Court did not define what qualifies as a "timely challenge." *See id.* Therefore, whether the claimant waives the Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response in this case.

Several district courts supported the Commissioner's position. *See, e.g.*, *Sprouse v. Berryhill*, 363 F. Supp. 3d 543, 550 (D.N.J. 2019) (holding Appointments Clause claims must be raised before the ALJ); *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (concluding exhaustion of Appointments Clause claim was required before the ALJ); *Allen v. Berryhill*, No. 17-3414, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019) (rejecting Appointments Clause claim when it was not timely made at the administrative level). There was even a split in this district on the issue. *See, e.g.*, *Culclasure v. Comm'r of Soc. Sec.*, No. 18-1543, 2019 WL 1641192 at *12 (E.D. Pa. Apr. 16, 2019) (stating the claimant did not need to exhaust Appointments Clause claim at the administrative level); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) (holding the claimant waived his Appointments Clause claim because it was not raised during administrative proceedings). Because a significant number of courts agreed with the Commissioner's position, the Commissioner has demonstrated a reasonable basis in the law for advancing the exhaustion defense. *See Holmes v. Berryhill*, No. 19-784, 2020 WL 2126787, at *2 (E.D. Pa. May 4, 2020) ("Considering this broad support for the Commissioner's position [on exhaustion], it cannot be said to have been unreasonable."). Considering the issue was unsettled, the Commissioner's position on exhaustion was reasonable. *See Dougherty*, 711 F.2d at 566 (stating Government's legal theory was reasonable when issue raised a close question of law and at least one other court agreed with the position).

4

Diaz points to *Sims v. Apfel*, 530 U.S. 102, 111 (2000) (holding the claimants need not "exhaust issues in a request for review before the Appeals Council in order to preserve judicial review of those issues") and *Freytag v. Commissioner of Internal Review*, 501 U.S. 868, 878-879 (1991) (excusing the petitioner's failure to raise an Appointments Clause claim during the Tax Court proceeding) to support her argument that the Commissioner's exhaustion defense was unreasonable. However, neither case examines the narrow issue of whether a claimant must exhaust issues before an ALJ in the Social Security Administration and thus the cases do not directly contradict the Commissioner's position.[2]

Moreover, it is possible for the Government to take a position that is substantially justified yet lose. *See Pierce*, 487 U.S. at 569. Although the Third Circuit in *Cirko* rejected the Commissioner's position, it does not establish that the Commissioner's position was not substantially justified. *See Cortese v. Comm'r of Soc. Sec*, No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act."). The analysis in *Cirko* indicates that the question required a close study of past cases. Reasonable minds can, and did, reach different but equally justified conclusions based on the available precedents addressing Appointments Clause issues. The Court is thus unpersuaded the Commissioner's legal theory was unreasonable.

Finally, as for the third element, because Diaz did not raise the Appointments Clause claim at the administrative level, there was a reasonable connection between the facts alleged and the Commissioner's exhaustion defense.

---

[2] In *Sims*, the Court explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us." 530 U.S. at 106. In *Freytag*, the Court focused its analysis in the context of Tax Court. *See* 501 U.S. at 868.

The Commissioner having shown he had a reasonable basis in fact, law, and the connection between the two, the Court concludes the Commissioner was substantially justified in arguing Diaz failed to exhaust her Appointments Clause claim. *See Holmes*, 2020 WL 2126787, at *3 ("Because the Commissioner was substantially justified in arguing that [the plaintiff] had waived her Appointments Clause challenge, her motion for attorney's fees will be denied."); *Cortese*, 2020 WL 2745741, at *6 (denying motion for attorney's fees because Commissioner was substantially justified in arguing exhaustion was required for Appointment Clause claims). Because the Commissioner's position was substantially justified, Diaz is not entitled to an award of attorney's fees under the EAJA.

**CONCLUSION**

Although Diaz was the prevailing party in this case, she is not entitled to attorney's fees under the EAJA because the Commissioner's position on exhaustion was substantially justified. Accordingly, the Court will deny Diaz's motion for attorney's fees.

An appropriate order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.